**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-02827-JLK

BURT WESTON, on Behalf of Himself and All Others Similarly Situated,

    Plaintiff,

v.

CIBER, INC.,
DAVID C. PETERSCHMIDT,
CLAUDE J. PUMILIA, and
PETER H. CHEESBROUGH,

    Defendants.

---

**CIBER SHAREHOLDER GROUP'S MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

---

  Plaintiff/movant Burt Weston and movant City of Roseville Employees' Retirement System (collectively, the "CIBER Shareholder Group"), jointly and individually, move[1] the Court pursuant to §21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an Order appointing the CIBER Shareholder Group as lead plaintiff in the above-captioned action and approving its selection of Robbins Umeda LLP ("Robbins Umeda") and Robbins Geller

---

[1] Under D.C.COLO.LCivR 7.1A, counsel for movants have conferred in good faith with counsel for the defendants and defendants take no position at this time.

Rudman & Dowd LLP ("Robbins Geller") as co-lead counsel and Dyer & Berens LLP ("Dyer & Berens") as liaison counsel for the Class.[2]

## I.   INTRODUCTION

Plaintiff Burt Weston's securities class action lawsuit is brought on behalf of purchasers of CIBER, Inc. ("CIBER" or the "Company") securities during the period between December 15, 2010 and August 3, 2011, inclusive (the "Class Period").  This action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Action of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The PSLRA sets for the manner by which courts are to select a lead plaintiff.  Pursuant to the PSLRA, the court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the CIBER Shareholder Group should be appointed as lead plaintiff because: (i) it timely filed for appointment as lead plaintiff; (ii) to the best of its knowledge, the CIBER Shareholder Group has the largest financial interest in this litigation; and (iii) it will adequately represent the interests of the Class.  *See id.*; *see also* Section III, *infra*.  Additionally, the CIBER Shareholder Group has retained experienced and competent counsel to represent the Class.  As the "most adequate plaintiff," the CIBER Shareholder Group's selection of Robbins Umeda and

---

[2] Movants respectfully believe that as an individual and an institution, combined they would represent the experiences and knowledge of the broadest array of class members and therefore provide the best possible representation of the class.  Nevertheless, should the Court believe that combining into the CIBER Shareholder Group is not the best interests the Class, movants request, in the alternative, the appointment of either movant individually.

Robbins Geller to serve as co-lead counsel and Dyer & Berens as liaison counsel for the Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

Defendant CIBER is a Delaware corporation and is a global information technology ("IT") consulting, services, and outsourcing company applying practical innovation through services and solution that deliver tangible results for both commercial and government clients. The services offered by CIBER include application development and management, enterprise resource planning implementation, change management, project management, systems integration, infrastructure management and end-user computing, and strategic business and technology consulting. The individual defendants are David C. Peterschmidt ("Peterschmidt"), Chief Executive Officer, President, and director of the Company, Claude J. Pumilia, Chief Financial Officer, Executive Vice President, and Treasurer of the Company, and Peter H. Chessbrough, former President and Chief Financial Officer, Treasurer, and director.

Beginning on December 15, 2010, the Defendants made a series of false and misleading statements concerning: (i) the Company's internal controls, in particular, as they were able to evaluate the financial impact of CIBER's legacy contracts; (ii) the Company's business outlook and financial guidance; and (iii) the Company's sales in North America. These false statements served to artificially inflate CIBER's stock price. On August 3, 2011, however, the Company issued a press release announcing its results for the second quarter of fiscal 2011 and held an earnings conference call to discuss its results. During the call, defendant Peterscmidt admitted the Company's results were significantly below expectations. The Company's results included a net loss of $58.4 million, which was due, in part, to a $13.4 million charge for the lowering of

estimates related to five of the Company's fixed-price projects. Further, the Company suspended its guidance for 2011. On this news, CIBER's stock fell to under $4.00 a share, a decline of 23.64%.

III.   **ARGUMENT**

    A.   **The CIBER Shareholder Group Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in a private action arising under the Exchange Act that is brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(I)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published in *PR Newswire* on November 1, 2011. *See* Declaration of Jeffrey A. Berens in Support of the CIBER Shareholder Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Berens Decl."), Exhibit A. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately

representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

> the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice ... ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. The CIBER Shareholder Group Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by January 3, 2012.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).  Pursuant to the provisions of the PSLRA and within the requisite time frame following the publication of the requisite notice, the CIBER Shareholder Group hereby moves this Court for appointment as lead plaintiff on behalf of all members of the Class.  The CIBER Shareholder Group has also duly signed and filed certifications stating its willingness to serve as a representative party on behalf of the Class.  *See* Berens Decl., Exhibit B.

### 2. The CIBER Shareholder Group Has the Requisite Financial Interest in the Relief Sought by the Class

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the class action.  During the Class

Period, the CIBER Shareholder Group suffered combined losses of $79,642.40 based on its Class Period purchases of CIBER stock due to Defendants' misconduct.  *See* Berens Decl., Exhibit C.[3]  To the best of the CIBER Shareholder Group's knowledge, its financial interest in this matter is the largest of any competing lead plaintiff movant.  Accordingly, the CIBER Shareholder Group should be appointed lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. The CIBER Shareholder Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.  Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy of representation requirements, and only a preliminary showing is necessary.  *Wolfe v. AspenBio Pharma,* Inc., 275 F.R.D. 625, 628 (D. Colo. 2011).

---

[3] Plaintiff/movant Weston lost $46,029.76 and movant City of Roseville Employees' Retirement System lost $33,612.64.  *Id.*

### a.     Typicality

The typicality requirement is satisfied "'so long as the claims of the class representative and class members are based upon the same legal or remedial theory.'"  *Id.* at 628 (citation omitted).  The CIBER Shareholder Group satisfies this requirement because, just like all other proposed Class members, it purchased CIBER stock during the Class Period in reliance upon the false and misleading statements issued by Defendants and suffered damages thereby, as did the other members of the putative Class.  *Id*.  Thus, the CIBER Shareholder Group's claims arise from the same factual predicate and involve substantially the same legal arguments as those of the other Class members.  Accordingly, the Court should find that the CIBER Shareholder Group satisfies Rule 23's typicality requirement.

### b.     Adequacy

The adequacy requirement is satisfied where there is "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Id.*  The CIBER Shareholder Group also satisfies the adequacy requirement.  Here, the CIBER Shareholder Group is an adequate lead plaintiff because its interest in aggressively pursuing the claims against Defendants is aligned with the interests of the members of the Class who were similarly harmed as a result of Defendants' false and misleading statements.  There is no antagonism between the CIBER Shareholder Group's interests and those of the other members of the Class and there is nothing to indicate that the CIBER Shareholder Group will do anything but vigorously pursue the claims on behalf of the Class.  Further, as demonstrated below, the CIBER Shareholder Group's proposed counsel is qualified, experienced, and able to conduct this

complex litigation in an efficient, effective, and professional manner. Lastly, the CIBER Shareholder Group is not subject to unique defenses and there is no evidence that the CIBER Shareholder Group seeks anything other than the greatest recovery for the Class consistent with the merits of the claims.

Accordingly, the CIBER Shareholder Group satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### B. The CIBER Shareholder Group's Selection of Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the CIBER Shareholder Group, as the presumptively most adequate plaintiff, has selected Robbins Umeda and Robbins Geller to serve as co-lead counsel and Dyer & Berens as liaison counsel for the Class.

Robbins Umeda is a nationally-recognized shareholder rights firm focusing its practice on complex shareholder litigation. *See* Berens Decl., Exhibit D. For example, Robbins Umeda attorneys have secured impressive recoveries in shareholder rights' actions, including a $70 million settlement in *In re Cardinal Health Derivative Litigation*, No. 02-CVG-11-0639 (Ohio Ct. C.P.-Del. Cnty. Dec. 17, 2007) - one of the largest monetary recoveries ever in a shareholder derivative action; and a $61.5 million settlement in *In Titan, Inc. Sec. Litig.*, No. 04-CV-0676-LAB (NLS) (S.D. Cal. Dec. 20, 2005), a securities fraud class action in which Robbins Umeda served as co-lead counsel.

Robbins Geller is a 180-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer, and antitrust class actions. *See* Berens Decl., Ex. E. Robbins

Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* Berens Decl., Ex. E. Robbins Geller attorneys were also responsible for the $925 million recovery in *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J). Indeed, in approving the lead plaintiff's choice of Robbins Geller's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." *Enron*, 206 F.R.D. at 458. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

Dyer & Berens has served as liaison counsel in previous securities and complex shareholder actions, and is capable of doing so here. *See* Berens Decl., Exhibit F. As such, the Court should approve the CIBER Shareholder Group's selection of Robbins Umeda and Robbins Geller as co-lead counsel and Dyer & Berens as liaison counsel for the Class.

Thus, the Court may be assured that, in the event this Motion is granted, the members of the Class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

The CIBER Shareholder Group has satisfied each of the PLSRA's requirements for appointment as lead plaintiff. As such, the CIBER Shareholder Group respectfully requests that

the Court appoint it as lead plaintiff, approve its selection of Robbins Umeda and Robbins Geller as co-lead counsel and Dyer & Berens as liaison counsel for the Class, and grant such other relief as the Court may deem just and proper.

Dated: January 3, 2012

Respectfully submitted,

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS

s/ JEFFREY A. BERENS
JEFFREY A. BERENS

303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: (303) 861-1764
Facsimile: (303) 395-0393
bob@dyerberens.com
jeff@dyerberens.com

*[Proposed] Liaison Counsel for Lead Plaintiff*

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
GREGORY E. DEL GAIZO
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsumeda.com
gdelgaizo@robbinsumeda.com
cstephens@robbinsumeda.com

ROBBINS GELLER RUDMAN &
DOWD LLP
TRICIA L. MCCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
E-mail: triciam@rgrdlaw.com

*[Proposed] Co-Lead Counsel for Lead Plaintiff*

THE BRISCOE LAW FIRM, PLLC
WILLIE BRISCOE
8117 Preston Road, Suite 300
Dallas, TX  75225
Telephone: (214) 706-9314
Facsimile:  (214) 706-9315
wbriscoe@thebriscoelawfirm.com

POWERS TAYLOR LLP
PATRICK POWERS
Campbell Centre II
8150 N. Central Expressway,
Suite 1575
Dallas, TX 75206
Telephone: (214) 239-8900
Facsimile: (214) 239-8901
patrick@powerstaylor.com

*Additional Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2012, I electronically filed the foregoing **CIBER SHAREHOLDER GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

        s/ Jeffrey A. Berens
        Jeffrey A. Berens
        Attorney for Plaintiff
        DYER & BERENS LLP
        303 East 17th Avenue, Suite 300
        Denver, CO 80203
        Telephone: (303) 861-1764
        FAX: (303) 395-0393
        Email: jeff@dyerberens.com

686764