IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-2827

BURT WESTON, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

CIBER, INC.,
DAVID C. PETERSCHMIDT,
CLAUDE J. PUMILIA, and
PETER H. CHEESBROUGH,

    Defendants.
_____

ORDER
_____

KANE, J.

    Defendants' Motion to Dismiss Plaintiffs' securities fraud class action Complaint has been pending for some time and a ruling is overdue. The fact is that I have drafted versions of two different opinions. One grants the Motion on grounds the misrepresentations alleged are forward-looking statements and neither false nor material as a matter of law. The other assumes material falsity for pleading purposes and denies the Motion because Plaintiffs' "confidential source" allegations are arguably specific enough even under the PSLRA's heightened pleading standards to satisfy § 10b's "actual knowledge of falsity" and *scienter* requirements. Judge Posner's opinion in *City of Livonia Employees' Ret. Sys. et al. v. The Boeing Co.*, 711 F.3d 754 (7th Cir. 2013) informs my thinking on the horns of this dilemma. I encourage counsel to re-read it.

Rather than invite either the inevitable appeal of a ruling granting Defendants' Motion or the expense of the expansive discovery that would result from its denial, I think it prudent and in keeping with Fed. R. Civ. P. Rule 1 to proceed in a tailored fashion to summary judgment on the *scienter* element of Plaintiffs' claims. Plaintiffs will be required to disclose their confidential sources and Defendants permitted to depose them regarding the basis for the allegations attributed to them in the Complaint. On Plaintiffs' motion for cause shown, or pursuant to stipulation, Plaintiffs may also be permitted to depose the individual Defendants to marshal evidence to support their *scienter* allegations. At that point I will reconsider Defendants' Motion, applying a summary judgment standard to Plaintiffs' evidence on the issue of *scienter*. Supplemental briefing on the sufficiency of Plaintiffs' *scienter* evidence under a Rule 56(a) standard will be ordered at either party's request.

In order to vet this approach and arrive at a scheduling plan to effect it, I will set this case for a status/scheduling conference, which will be set by separate Minute Order. Counsel are directed to CONFER regarding the substance of this Order and CALL IN JOINTLY to chambers to set a date for the conference. The call should be placed on or before October 9, 2013.

Dated September 30, 2013.

                                                  **s/John L. Kane**
                                                  SENIOR U.S. DISTRICT JUDGE